No. A-CV-01-81

COURT OF APPEALS OF THE NAVAJO NATION

December 18, 1981

WINDOW ROCK MALL, Ltd., a New Mexico Corporation
M.D. LOHMAN and James CULLETON, as Officers
and directors of Window Rock Mall, Ltd., Appellants,

vs.

Sam DAY IV, Appellee.

OPINION AND ORDER

William P. Battles, Esq., and Linda R. Bonnefoy, Esq., Ft. Defiance, Navajo Nation (Arizona) for Appellants and James Jay Mason, Esq., Gallup, New Mexico, for Appellee.

This action arises from a dispute over a sublease of commercial property to Window Rock Mall, Ltd., a New Mexico Corporation headquartered in Albuquerque and doing business within the Navajo Nation. The plaintiff filed his petition asking for damages for sublease breaches and lease monies owing, a declaration that the sublease was cancelled for cause, a declaration that he had the right to reenter the premises after the sublease was cancelled, the appointment of a special master to receive monies, and injunctive relief to prevent the corporation from interfering with the premises. The business property involved is a shopping center located at Window Rock, Navajo Nation.

Following various procedural skirmishes the plaintiff made a motion for a default judgment and one was entered on November 25, 1980. A motion for reconsideration and motion for stay of judgment were filed, and following a hearing the motions were denied on January 6, 1981.

A notice of appeal was filed on January 9, 1981 and, on March 26, 1981, an application for a writ of prohibition was filed. This matter now comes before the court upon a motion to dismiss the appeal.

The questions before the court are basically those of its jurisdiction. The first question is whether the court is ousted of its jurisdiction by the failure to file a timely appeal and the second is whether there are circumstances which warrant a hearing on the merits for a writ of prohibition.

JURISDICTION ON APPEAL

Rule 2(c) of the Rules of Appellate Procedure is unmistakeably plain - appeal documents are to be filed with the Clerk of the Court of Appeals no later than thirty calendar days from the date of the final judgment being filed on record, and no appeal will be allowed after

those thirty days. This is not only a matter of a statute enacted by the Navajo Tribal Council, but it is one of a proper rule of court. The Courts of the United States and various state appellate courts have made it plain that their court rules are jurisdictional and a court of appeals has <u>no</u> jurisdiction unless the appeal is filed on time. It must be remembered that appeals are not a matter of right but are only a matter of the statutory grace of a legislature or the rulemaking discretion of court systems.

Therefore there can be no conclusion regarding this court's jurisdiction in this case but that it has no jurisdiction.

THE WRIT OF PROHIBITION

It appears that the appellants realized their appeal was not timely and therefore decided to do an end-run around appellate jurisdiction problems through a petition for a writ of prohibition. Normally a court of appeals will not grant a writ of prohibition where there is an adequate remedy by appeal, but there are exceptions to that rule where the remedy by appeal is not adequate or there may clearly be a jurisdictional defect in the judgment of the trial court. <u>See</u> 63 Am.Jur.2d, Prohibition Secs. 7-10.

There are two reasons why the petition cannot be granted, one procedural and one going to its contents.

Since the writ of prohibition is a discretionary writ, it will be denied where there is an adequate remedy at law. There was an adequate remedy by appeal here, and that ground alone would be sufficient to dismiss the petition.

Secondly, the petition raises this issue on the second page:

> "Whether or not the Trial Courts of the Navajo Nation are vested with statutory jurisdiction to determine rights of individuals under business regulations created by the United States Department of the Interior. . . ."

There is also the issue of jurisdiction over the non-Indian corporation and its officers.

The petition fails to state a cause of action on its face. This is a matter governed by the police power of the Navajo Nation and one within its clear competence. The Navajo Nation has full jurisdiction to adjudicate land disputes, particularly with regard to subleases. <u>Washburn</u> v. <u>McKensley</u>, 1 Nav.R. 114 (1977).

As to the matter of jurisdiction over non-Indian parties, this matter is disposed of under Resolution CF-19-80, which vests the courts with civil jurisdiction over all persons who reside in Navajo Indian country or cause an action to occur in Navajo Indian country. The corporation and its officers were certainly doing business within the Navajo Nation, as is shown by the record.

Finally, the petition for a writ of prohibition is disposed of by the Chief Justice acting upon the motion of the appellee and upon its own motion for defects appearing upon the face of the petition. This is a procedural matter only and one not requiring a hearing upon the merits because, just as a court acts upon a motion to dismiss. The petition fails to state a claim and there is no matter to be heard by the full court on the merits.